# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| TRYSTAN SANCHEZ, by and through his parents, GERMAINE SANCHEZ and JENNIFER SANCHEZ, | ) ) ) ) ) | |
| Petitioners, | ) ) ) | No. 11-685V<br>(Filed Under Seal: March 22, 2024;<br>     Re-issued: April 16, 2024)* |
| v. | ) ) | |
| SECRETARY OF HEATH AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) ) ) | |

Lisa A. Roquemore, Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA, with whom was Richard Gage, Richard Gage, PC, Cheyenne, WY, for Petitioners.

Jennifer L. Reynaud, Senior Trial Attorney, Torts Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were Debra A. Filteau Begley, Senior Trial Attorney, Heather L. Pearlman, Deputy Director, C. Salvatore D'Alessio, Director, and Brian M. Boynton, Principal Deputy Assistant Attorney General, for Respondent.

## OPINION AND ORDER

**KAPLAN, Chief Judge.**

In this case, Germaine and Jennifer Sanchez seek compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa–1 to –34, as amended ("Vaccine Act" or "Act"), on behalf of their son, Trystan. The case is currently before this Court on Petitioners' Petition for a Writ of Mandamus. ECF No. 461. That Petition asks the Court to direct the Special Master "to cease interfering with the jurisdiction of this Court and allow Petitioners' [Motion Requesting Claims Court Entertain Respondent's Motion to Reopen Judgment on Entitlement, ECF No. 444 [hereinafter "Petitioners' Motion"],] to be filed and ruled on by a judge of this Court." ECF No. 461 at 2.

For the reasons set forth below, the Court agrees that the Special Master should not have stricken Petitioners' Motion. It will therefore direct that the Clerk reinstate the motion on the docket. The Court concludes, however, that it lacks jurisdiction to intervene in the on-going

---

* Pursuant to Vaccine Rule 18(b) of the Court of Federal Claims, the Court initially filed this opinion and order under seal on March 22, 2024, and the parties were afforded fourteen days to propose redactions. Neither party proposed any redactions. The Court therefore publicly reissues the opinion and order initially filed under seal without any redactions.

proceedings before the Special Master in the manner contemplated by Petitioners' Motion. Therefore, Petitioners' Motion is denied.

## BACKGROUND

The issue whether the Sanchezes are entitled to compensation under the Vaccine Act has been before both the Court of Federal Claims ("CFC") and the court of appeals twice. See Sanchez ex rel. Sanchez v. Sec'y of Health & Hum. Servs., 34 F.4th 1350 (Fed. Cir. 2022) [hereinafter Sanchez II], rev'g 152 Fed. Cl. 782 (2021); Sanchez ex rel. Sanchez v. Sec'y of Health & Hum. Servs., 809 F. App'x 843 (Fed. Cir. 2020) [hereinafter Sanchez I], rev'g 142 Fed. Cl. 247 (2019). Most recently, in a May 2022 opinion, the court of appeals reversed the Special Master's ruling denying entitlement and remanded the case back to him for a ruling on damages. See Sanchez II, 34 F.4th at 1356.

As a result of that remand, the case is now before the Special Master for the third time. On August 30, 2022, about three weeks after the court of appeals' mandate issued in Sanchez II, see Mandate of CAFC, ECF No. 284, the Special Master issued a Damages Order, ECF No. 288, to initiate the damages phase of the case. Since that time, the parties have submitted additional medical records, documents, and expert reports relevant to damages.

At some point during the proceedings on remand, the Secretary claims that he discovered that Petitioners or their counsel had in their possession additional medical records that they did not file during the entitlement phase. See Status Conf. Tr., May 24, 2023, ECF No. 378-1. On August 16, 2023, the Secretary filed a motion requesting that the Special Master reopen the record for purposes of holding further proceedings relevant to entitlement, based on what he characterized as "newly discovered and highly probative evidence that [is] materially relevant to a fact finding that is dispositive on entitlement." See Respondent's Motion to Reopen Entitlement, ECF No. 379 [hereinafter "Respondent's Motion to Reopen"]. Petitioners filed an opposition to this motion in September. ECF No. 392. The parties have since filed additional briefs concerning the issues raised in Respondent's Motion to Reopen, see ECF Nos. 379, 384, 392, 401, 412, 441, and the Special Master has held several proceedings during which the issues raised by the discovery of the documents and the Respondent's Motion to Reopen were discussed, ECF Nos. 387, 403, 411, 413, 421, 423, 435, 440.

In the meantime, in a December 2023 Order concerning an upcoming status conference, the Special Master sua sponte raised questions about whether—given the Secretary's intent to call her as a witness in connection with his Motion to Reopen—Petitioners' counsel could continue to represent the Sanchezes consistent with the rules of professional conduct. See ECF No. 439. In addition, given the pending motions, and the uncertainty surrounding counsel's continued representation of Petitioners, Special Master Moran also cancelled the hearing on damages that was originally scheduled for January 4 and 5. ECF No. 440.

On January 17, 2024, Petitioners filed a "Motion Requesting Claims Court Entertain Respondent's Motion to Reopen Judgment on Entitlement." See Petitioners' Motion. In that Motion, Petitioners ask that the Court exercise its "general supervisory authority," and decide Respondent's Motion to Reopen itself. Id. at 1–2. They contend that the issues raised in the government's motion are purely legal ones, involve matters of first impression, and therefore should be decided by a court, and not the Special Master. Id. They also contend that the Court's

2

intervention is appropriate because the Special Master "has already veered off track" by raising the issue of whether Petitioners' attorney can continue to represent him. Id. at 8.

On February 8, 2024, the day after briefing on Petitioners' Motion was completed, the Special Master issued an Order purporting to deny the Motion and directing the Clerk to strike it on the grounds that it was "not well-founded procedurally." ECF No. 454. In response, on March 6, 2024, Petitioners filed the Petition for a Writ of Mandamus that is currently before the Court. ECF No. 461.

## **DISCUSSION**

As discussed during the status conference held on March 14, 2024, this Court's view is that the Special Master lacked the authority to strike or resolve a motion that requested the court's intervention in an action before him on remand. The extent of the court's jurisdiction to grant the relief sought in Petitioners' Motion was a matter for the court to decide in the first instance, subject to review by the court of appeals. Instead, the Special Master took it upon himself to decide that the Motion was "procedurally improper," and so should be stricken.

The Court will therefore direct the Clerk to unstrike Petitioners' Motion and reinstate it on the docket. In light of that action, Petitioners' request that the Court issue a Writ of Mandamus that directs the special master "to cease interfering with the jurisdiction of the court" will be denied. See Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 380 (2004) (quoting Kerr v. U.S. Dist. Ct. for N. Dist. of Cal., 426 U.S. 394, 403 (1976)) (explaining the remedy of mandamus is an extraordinary one that may be invoked only when "the party seeking issuance of the writ [has] no other adequate means to attain the relief he desires.").

Nevertheless, the Court concludes that Petitioners' Motion, which requests that this Court entertain Respondent's Motion to Reopen, must be denied. Denial is required because the Court lacks jurisdiction to grant Petitioners the relief they request: namely, that it intervene in the on-going proceedings before the Special Master on remand and resolve the Secretary's pending Motion to Reopen itself. See ECF No. 444 at 11.

The Vaccine Act states that a Special Master "to whom a petition has been assigned shall issue a decision on such petition with respect to whether compensation is to be provided under the Program and the amount of such compensation." 42 U.S.C. § 300aa-12(d)(3)(A). It further states that the special master's decision "shall . . . (i) include findings of fact and conclusions of law, and (ii) be issued as expeditiously as practicable," id. at § 300aa-12(d)(3), and that "the decision of the special master may be reviewed by the United States Court of Federal Claims in accordance with subsection (e)," 42 U.S.C. § 300aa-12(d)(3)(A). Subsection (e), in turn, gives the parties thirty days to file a "motion to have the court review the decision." 42 U.S.C. § 300aa-12(e).

Under the statute, the type of "decision of the special master" that can serve as the "trigger" for the Court's jurisdiction, is a decision that "resolves the question of 'whether compensation is to be provided' and, if so, 'the amount of such compensation.'" J.T. v. Sec'y of Health & Hum. Servs., 125 Fed. Cl. 164, 166 (2016) (quoting 42 U.S.C. § 300aa-12(d)(3)(A)); see also Weiss v. Sec'y of Health & Hum. Servs., 59 Fed. Cl. 624, 626 (2004) (explaining "the statute contemplates that a 'decision' by a special master will resolve the ultimate issues in the

3

case, including whether compensation is appropriate and if it is, its quantum."); See Lemire v. Sec'y of Health & Hum. Servs., 60 Fed. Cl. 75, 80 (2004) (finding that the United States Court of Federal Claims lacked jurisdiction to review a Special Master's Order because the Order was not a final Decision indicating whether compensation was to be awarded and the amount of such compensation if awarded); Spratling v. Sec'y of Health & Hum. Servs., 37 Fed. Cl. 202, 203 (1997) (concluding that the United States Court of Federal Claims lacked jurisdiction over a motion for review when the Special Master had not yet issued a final Decision on the petition); Vessels v. Sec'y of Health & Hum. Servs., 65 Fed. Cl. 563, 567 (2005) (explaining that Lemire, Weiss, and Spratling all "accord with the principle that this Court's Vaccine Act jurisdiction extends only to the special masters' final decisions regarding compensation").

Petitioners identify nothing in the Vaccine Act that would authorize this Court to exercise jurisdiction over a vaccine case where there is no "decision" by the Special Master before it that resolves entitlement and, if appropriate, calculates the damages due. Their resort to the Court's supposed "supervisory authority" over special masters finds no support in the statutory language and, in any event, begs the question of how and when that authority may be exercised.

Moreover, in this case, the Special Master has not made any decision at all that the Court might review, whether it be one that concerns entitlement and damages, or anything else. Petitioners are not asking the Court to perform its review function. Instead, they ask the Court to insert itself into the proceedings on remand to take decision-making authority from the Special Master and itself rule on Petitioners' Motion in the first instance.

There is nothing in the Vaccine Act that gives the Court authority to intervene in a matter that the court of appeals has remanded to the Special Master before he issues a final decision on entitlement and, as appropriate, damages. To the contrary, the statute states that—upon a decision by the Special Master, and a timely motion seeking review, the Court of Federal Claims "shall have jurisdiction to undertake a review of the record of the proceedings," after which it may either "uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision," "set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law," or "remand the petition to the special master for further action in accordance with the court's direction." 42 U.S.C. § 300aa-12(e)(2).

In short, the enumeration of authorities the statute provides to the Court does not include the authority to step in and decide motions that are pending before the Special Master. Nor have Petitioners identified a single case in which a judge on this court undertook to do so.

The Court appreciates Petitioners' frustration that—after more than twelve years, two stops in the Court of Federal Claims, and two trips to the court of appeals that finally resulted in a favorable decision on entitlement—the Special Master is now considering whether to reopen the record on that topic. The Court, of course, has no way of knowing the extent to which (if any) Petitioners' actions are responsible for this most recent round of delay, and the Court expresses no opinion on that topic. Nonetheless, it agrees that—given the extraordinary length of time this case has been pending and the catastrophic nature of Trystan's injuries—it behooves the Special Master to expedite to the greatest extent possible the proceedings on remand, including the resolution of Respondent's Motion to Reopen.

4

**CONCLUSION**

On the basis of the foregoing, Petitioners' Petition for a Writ of Mandamus, ECF No. 461, is **DENIED**. The Clerk is directed, nonetheless, to **UNSTRIKE** Petitioners' Motion Requesting Claims Court Entertain Respondent's Motion to Reopen Judgment on Entitlement, ECF No. 444, and **REINSTATE** it on the docket. As reinstated, Petitioners' Motion, ECF No. 444, is **DENIED**.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Chief Judge